# **EXHIBIT A**

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Francesco Marraffa,

                Plaintiff,

vs.

Talk About It Solutions, Inc., doing business as Remooble, and Bart Engendahl,

                Defendants.

Court File Number: _____

Case Type: Employment

**SUMMONS**

THIS SUMMONS IS DIRECTED TO Defendants, above-named.

    1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

Van Tassel Law Firm, LLC
Attn: Dawn C. Van Tassel
2909 S. Wayzata Blvd.
Minneapolis, MN 55405.

    3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the

1

complaint.

     5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

     6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

/s/ Dawn C. Van Tassel  
Plaintiff's attorney's signature

November 15, 2018  
Dated

Dawn C. Van Tassel  
Print or type plaintiff's attorney's name

2

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Francesco Marraffa, | Court File Number: _____ |
| Plaintiff, | Case Type: Employment |
| vs. | COMPLAINT |
| Talk About It Solutions, Inc., doing business as Remooble, and Bart Engendahl, | |
| Defendants. | |

For his Complaint, Plaintiff Francesco Marraffa states and alleges as follows:

### THE PARTIES

1.  Plaintiff Francesco Marraffa is a natural person who resides in Hennepin County, Minnesota.

2.  Defendant Talk About It Solutions, Inc., is a corporation organized and existing under the laws of the State of Delaware, with its principal office located in Maple Grove, Minnesota. Defendant conducts business under the name Remooble.

3.  Defendant Bart Engendahl is a natural person who, upon information and belief, resides in Hennepin County, Minnesota.

### JURISDICTION AND VENUE

4.  This Court has jurisdiction over this action, and venue is proper in this Court pursuant to MINN. STAT. § 484.01, and MINN. STAT. § 542.09.

## FACTUAL BACKGROUND

5. Plaintiff is an investor in and a former employee of Remooble. His role was to commercialize and take to market the products developed by Remooble, seek out investors and raise capital for the company. Additional duties included sourcing raw material from China, packaging and introducing Remooble to contractors to facilitate the launch, and to deliver savings to the company.

6. Upon Plaintiff's hire in mid-June 2018, he and Remooble negotiated an employment agreement. The agreement provided, *inter alia*, that Plaintiff would receive a salary of $200,000, which would be deferred for six months while the company was raising funds. He was also to receive a 5 percent equity stake in Remooble upon his hire, and additional equity depending upon the amount of investment capital he could raise. In addition to this there were other metrics agreed and in place which would ultimately full vest plaintiff to 25% equity holder in the company.

7. Although Remooble refused to sign a written agreement, claiming first that it was waiting on counsel to finish the document, then nit-picking non-essential terms, the parties had negotiated and agreed upon the essential terms of Plaintiff's employment in writing: namely, compensation and Plaintiff's ability to earn additional equity.

8. Upon reliance on the promises Remooble made in the employment agreement, Plaintiff worked for Remooble for 11 weeks, raising a significant amount of capital in a short period of time. Plaintiff also sourced raw material from China at great savings to the company and secured new agreements with customers and contractors. He did not draw a salary, as provided in the employment agreement.

9. In mid-August of 2018, Plaintiff began expressing concerns to the company's CFO, Adam Jennings, and co-founder Bart Engendahl about statements that CEO Tess Fennelly had

instructed him to tell potential investors. Plaintiff learned that much of what he had been told about the product-development timeline and sales in the pipeline was untrue or, at least, misleading.

10. On or about September 4, 2018, Engendahl and Fennelly quarreled at Remooble's office over her refusal to sign the employment agreement. Engendahl requested a meeting in which he chastened Fennelly that she owed a duty to the company's employees to make good on its promises to employees.

11. After this meeting, Plaintiff again met with Engendahl privately and raised concerns about the CEO's misrepresentations and her fitness to bring Remooble's products to market. He also expressed concerns that the company was going to renege on its promise to award him equity. Engendahl and Plaintiff negotiated a one-page agreement ("the Share Agreement"), confirming that Plaintiff was entitled to five percent of the company, and stating that if Remooble did not transfer to Plaintiff the equity he was entitled, Engendahl would personally transfer 5 percent out of his share of equity in Remooble. The Share Agreement does not specify the conditions for obtaining additional equity, as delineated in the employment agreement.

12. Three days later, Fennelly wrote to Plaintiff, terminating his employment and purporting to enclose a "final paycheck," which compensated him for 11 weeks' work at minimum wage.

13. Plaintiff, through counsel, requested the truthful reason for his termination pursuant to Minnesota Statutes, section 181.993, subdivision 1. He also requested, through counsel, a copy of his personnel file pursuant to Minnesota Statutes, section 181.961, subdivision 1. Remooble refused to comply with these requests, claiming that Plaintiff had to make such a request directly, although no such requirement can be found in the statutes for this objection.

14. Nonetheless, Plaintiff confirmed with Remooble that the request from counsel was made on his behalf, at which point a partial personnel file was produced.

15. Fennelly wrote to Plaintiff, stating that the truthful reason for Plaintiff's termination was "my understanding of statements that you made to Remooble employees regarding your desire and/or planning to remove me from my position as CEO and your desire to be Remooble's CEO."

16. Remooble denies that Plaintiff owns any equity in the company. To date, Engendahl has not provided Plaintiff with 5 percent equity from his share.

## CLAIMS FOR RELIEF

### Count One
### (Breach of Contract – Against Remooble)

17. Plaintiff repeats and realleges each and every allegation stated above as if fully restated herein.

18. Plaintiff and Remooble had a binding and enforceable employment agreement.

19. Plaintiff performed all the terms and conditions precedent required of him under the agreement.

20. Defendant's acts and omissions, described above, constitute a breach of the employment agreement.

21. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages in an amount in excess of $50,000, the precise amount to be proven at trial.

### Count Two
### (Promissory Estoppel – Against Remooble)

22. Plaintiff repeats and realleges each and every allegation stated above as if fully restated herein.

23. Remooble promised Plaintiff a $200,000 yearly salary and to award him equity in the company to induce him to enter into employment at Remooble.

24. Plaintiff reasonably relied on Remooble's promises and performed his duties, as contemplated by the Parties' negotiations. Plaintiff also forwent certain other business opportunities to work for Remooble.

25. It would be unjust not to hold Remooble to the promises it made to Plaintiff.

26. As a direct and proximate result of Remooble's conduct, Plaintiff has suffered monetary damage in an amount in excess of $50,000, the precise amount to be determined at trial.

### Count Three
### (Unjust Enrichment – Against Remooble)

27. Plaintiff repeats and realleges each and every allegation stated above as if fully restated herein.

28. Remooble knowingly received the benefits of Plaintiff's labor.

29. Remooble was not entitled to receive Plaintiff's labor for free, or for minimum wage, which is substantially less than the value of Plaintiff's labor.

30. The circumstances of this case are such that it would be unjust for Remooble to retain the benefits of Plaintiff's work without reasonable compensation for the same.

31. Defendant's acts and omissions, described above, constitute a breach of the employment agreement. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages in an amount in excess of $50,000, the precise amount to be proven at trial.

## Count Four
### (Unpaid Wages – Against Remooble)

32. Plaintiff repeats and realleges each and every allegation stated above as if fully restated herein.

33. Defendant failed to pay Plaintiff the salary he was owed at the time of his termination.

34. Plaintiff, through counsel, made a written demand for payment, which was ignored.

35. Remoooble is in violation of Minnesota Statutes, section 181.13, as well as the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*

36. Plaintiff is entitled to his back pay, plus interest and penalties, including a reasonable attorney's fee, as permitted by law.

## Count Five
### (Violations of the Minnesota Whistleblower Act – Against Remooble)

37. Plaintiffs repeat and reallege each and every allegation stated above as if fully restated herein.

38. Remooble was Plaintiff's employer.

39. Plaintiff reported to Remooble's directors and officers suspected violations of law.

40. Remooble terminated Plaintiff's employment in retaliation for making these reports, in violation of Minnesota Statutes, § 181.932.

## Count Six
### (Breach of Contract – Against Engendahl)

41. Plaintiff repeats and realleges each and every allegation stated above as if fully restated herein.

42. Plaintiff and Engendahl had a binding and enforceable agreement requiring him to transfer 5 percent of his own interest in Remooble should the company refuse to give Plaintiff his shares.

43. Plaintiff performed all the terms and conditions precedent required of him under the agreement.

44. Engendahl's acts and omissions, described above, constitute a breach of the Share Agreement.

45. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages in an amount in excess of $50,000, the precise amount to be proven at trial.

### PRAYER FOR RELIEF

Wherefore, as to all counts, Plaintiff respectfully requests an Order from this Court:

A. Awarding Plaintiff damages caused by Defendants' wrongful conduct;

B. Awarding Plaintiff his equity in Talk About It Solutions, Inc.;

C. Awarding Plaintiff his attorneys' fees as well as interest, costs, statutory penalties and disbursements to the fullest extent permitted by law; and

D. Awarding Plaintiffs such other, further, or different relief as the Court may deem just and equitable.

Dated: November 15, 2018

VAN TASSEL LAW FIRM, LLC

By: /s/ Dawn C. Van Tassel
Dawn C. Van Tassel (#297525)
2909 S. Wayzata Blvd.
Minneapolis, MN 55405
Phone: 612-455-4580
Email: dawn@dawnvantassel.com

*Attorneys for Plaintiff*

## ACKNOWLEDGMENT

Dawn C. Van Tassel, attorney for Plaintiff, hereby acknowledges that sanctions may be imposed pursuant to Minn. Stat. § 549.211 if this pleading is unsupported or brought for an improper purpose.

Dated: November 15, 2018    **VAN TASSEL LAW FIRM, LLC**

By: */s/ Dawn C. Van Tassel*
Dawn C. Van Tassel (#297525)